IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00818-RBJ

STEPHEN HINES,

    Plaintiff,

v.

BSI FINANCIAL SERVICES, INC.,
FCI LENDER SERVICES,
JANEWAY LAW FIRM, P.C., and
DOES 1-10,

    Defendants.

---

ORDER

---

This matter is before the Court on Plaintiff's "Ex Parte Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction" (ECF 5) ("TRO" motion) filed April 21, 2015.   Plaintiff alleges that Defendants have initiated foreclosure proceedings against his home and that a foreclosure sale is scheduled for April 22, 2015.

The Court must construe the motion liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Rule 65(b)(1) of the Federal Rules of Civil Procedure permits the Court to "issue a temporary restraining order without written or oral notice to the adverse party only if:   (A)

specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Mr. Hines's complaint and motion satisfy neither requirement. A non-judicial foreclosure of a residence might qualify as irreparable injury, although state law has provisions regarding redemption after foreclosure. I will assume, however, for present purposes that if Mr. Hines' property were foreclosed tomorrow (April 23, 2015), it would constitute irreparable harm. However, although he has submitted voluminous documents with his complaint and motion, he provides no documentation relating to foreclosure proceedings or a foreclosure sale scheduled for April 23, 2015. Furthermore, he provides no information about his efforts, if any, to give notice to the three named defendants or the reasons why notice should not be required.

Accordingly, his motion for a temporary restraining order is denied.

DATED at Denver, Colorado, this 22nd day of April, 2015.

BY THE COURT:

Judge R. Brooke Jackson
United States District Court